UNITED STATES of America,
Plaintiff–Appellee,

v.

Demis Ulises MOKAY–FONG,
Defendant–Appellant.

No. 15–13950
Non–Argument Calendar

United States Court of Appeals,
Eleventh Circuit.

Date Filed: 07/21/2016

Wifredo A. Ferrer, Emily M. Smachetti, U.S. Attorney's Office, Miami, FL, Karin Bethany Hoppmann, Linda Julin McNamara, U.S. Attorney's Office, Tampa, FL, Daniel C. Irick, U.S. Attorney's Office, Orlando, FL, for Plaintiff–Appellee

Demis Ulises Mokay–Fong, Pro Se

Before WILSON, ROSENBAUM and BLACK, Circuit Judges.

PER CURIAM:

Demis Mokay–Fong, a federal prisoner proceeding *pro se*, appeals the district court's denial of its *sua sponte* 18 U.S.C. § 3582(c)(2) motion for a sentence reduction pursuant to Amendment 782 to the Sentencing Guidelines. On appeal, Mokay–Fong contends that the district court should have re-calculated the quantity of drugs for which Mokay–Fong was held accountable at sentencing and that, had Mokay–Fong been held accountable for methamphetamine mixture (like his co-defendant), he would have qualified for a sentence reduction under Amendment 782. After review,[1] we affirm.

Because Mokay–Fong did not argue before the district court that his drug quantity was miscalculated, we review for plain error. *See Moreno*, 421 F.3d at 1220. Regardless, the district court did not err because a district court may not reconsider other sentencing determinations in an 18 U.SC. § 3582(c)(2) proceeding. *See United States v. Bravo*, 203 F.3d 778, 782 (11th Cir. 2000) ("Section 3582(c) ... does not grant to the court jurisdiction to consider extraneous resentencing issues.... [A defendant] must instead bring such a collateral attack on his sentence under 28 U.S.C. § 2255."). Mokay–Fong was held responsible for the equivalent of 114,253.6 kilograms of marijuana—well above the amended minimum amount for a base offense level of 38. *See* U.S.S.G. § App. C, Amend. 782. Because the amendment would not have lowered Mokay–Fong's guideline range, the district court was not empowered to grant Mokay–Fong any relief and therefore did not err. 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(2)(B); *see also Phillips*, 597 F.3d at 1194–95

("The authority of a district court to modify an imprisonment sentence is narrowly limited by statute.").

**AFFIRMED.**

---

1. We review *de novo* the district court's conclusions concerning the scope of its authority under § 3582(c)(2). *United States v. Phillips*, 597 F.3d 1190, 1194 n.9 (11th Cir. 2010). When an appellant failed to raise an issue before the district court, however, we review for plain error. *United States v. Moreno*, 421 F.3d 1217, 1220 (11th Cir. 2005).